Neil N. Olsen, OSB No. 053378
neil@olsenbarton.com
OLSEN BARTON LLC
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel:  (503) 468-5573
Fax:  (503) 820-2933
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM EDDINGS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MILLERSBURG, an Oregon municipal corporation; JIM LEPIN, individually and in his official capacity as the City of Millersburg Mayor and Member of the City Council; SCOTT COWEN, individually and in his official capacity as the City of Millersburg Council President; DAVE HARMS, individually and in his official capacity as a City of Millersburg Council Member; SCOTT MCPHEE, individually and in his official capacity as a City of Millersburg Council Member; and DON MILLER, individually and in his official capacity as a City of Millersburg Council Member,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>(42 U.S.C. § 1983 Equal Protection Claim; 42 U.S.C. § 1983 Substantive Due Process Claim; 42 U.S.C. § 1983 Takings Claim)<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT – 1

Plaintiff William Eddings alleges as follows:

## PARTIES

1.      William Eddings ("Mr. Eddings") is an individual residing in Linn County, Oregon.

2.      Defendant City of Millersburg (the "City") is an Oregon municipal corporation and a public entity with the power to appropriately exercise the right of eminent domain and other governmental powers.

3.      Defendants Jim Lepin, the City's Mayor and a member of the City Council; Scott Cowen, the City Council's President; Dave Harms, City Councilor; Scott McPhee, City Councilor; and Don Miller, City Councilor (collectively the "City Council Defendants") comprise the City Council and are the legislative and policy-making body of the City. This action is brought against the City Council Defendants in their individual and official capacities. The City Council Defendants acted under color of state law by virtue of their authority or perceived authority as members of the City Council.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 based on claims arising under the Civil Rights Act, 42 U.S.C. § 1983 and the United States Constitution.

5.      The Court is authorized to grant Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Injunctive Relief requested by Mr. Eddings under Rule 65 of the Federal Rules of Civil Procedure.

COMPLAINT – 2

6.      "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it," and the property owner may bring a claim in federal court without waiting for the resolution of a potential parallel takings case in state court. *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167–68 (2019).

7.      Pursuant to 28 U.S.C. § 1391, venue is proper in this District because all parties to this action are residents of this District and the various acts of the City occurred in this District.

**INTRODUCTION**

8.      Mr. Eddings brings this action seeking declaratory judgment, preliminary and permanent injunctive relief, and compensatory and punitive damages arising from the Defendants' arbitrary, irrational, and unconstitutional abuse of government power to prevent Mr. Eddings from constructing a manufactured dwelling park on his property. The manufactured dwelling park is intended to provide affordable housing for residents 55 years of age and older.

9.      Mr. Eddings received a conditional use permit to construct the manufactured dwelling park on his property, but the City, in its efforts to prevent construction of the manufactured dwelling park: (a) attempted to change the City land use development code to prevent the park's construction; (b) imposed onerous and unusual conditions on Mr. Eddings' permit that it did not impose on similarly situated developers; (c) charged Mr. Eddings $37,745.68 in legal and administrative fees in evaluating his permit; and (d) eventually passed a condemnation resolution to seize Mr. Eddings' property.

10.      The City purportedly passed the condemnation resolution to obtain land for parks, but the City did not follow its own Park System Master Plan in doing so, and, in fact, the City also passed the resolution because "many issues [raised by residents opposed to the park] arose as to the suitability" of the property as a manufactured dwelling park, and the City could resolve

COMPLAINT – 3

those concerns by seizing the property. Despite passing the condemnation resolution in August 2019, the City has not commenced a condemnation action against Mr. Eddings and, apparently, through hanging the cloud of condemnation over his property, is attempting to prevent Mr. Eddings from taking the steps necessary to construct his approved manufactured dwelling park during the one-year deadline established by the permit.

11.     The Defendants' actions constitute violations of the Equal Protection, Due Process, and Takings Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Mr. Eddings possessed a constitutionally protected property interest in his conditional use permit, and the Defendants deprived him of the benefit of the permit without just compensation or a legitimate government purpose, and treated him differently from similarly situated developers. Mr. Eddings seeks compensatory and punitive damages, as well as declaratory relief, declaring the Defendants' actions unconstitutional, and a preliminary and permanent injunction enjoining the Defendants from proceeding with the condemnation resolution and interfering with his conditional use permit, and granting him additional time to complete construction on the manufactured dwelling park.

## FACTS

12.     On January 11, 2019, Mr. Eddings acquired title to the 4.4-acre property at issue in this case, located within the City and identified as Tax Lot 600, Map 10.3W.17DD, and legally described as Partition Plat No. 2008-61, Linn County, Oregon (the "Property"). The Property was zoned Rural Residential Urban Conversion ("RRUC") at all relevant times.

13.     On February 12, 2019, Mr. Eddings submitted an application for a conditional use permit to the City Planning Commission to build a manufactured dwelling park for residents aged 55 years and older on the Property (the "Project").

COMPLAINT – 4

14.     The City's Land Use Development Code allowed construction of a manufactured dwelling park as a conditional use for properties zoned RRUC.

15.     The plans for the Project proposed 28 manufactured dwelling units, each with two parking spaces; four guest parking spaces; a 2,828 square-foot park area; and a 20-foot wide private road with a four-foot sidewalk on one side.

16.     Before purchasing the Property, Mr. Eddings and his planner, Norm Bickell, met with the City Engineer and City Planner on January 2, 2019, to determine whether the City would allow him to construct the Project. Mr. Eddings and Mr. Bickell presented the City Engineer and Planner with drawings and plans detailing the Project, and the City representatives did not raise any concerns or objections. In reliance on the City's representations, Mr. Eddings purchased the Property and received title on January 11, 2019.

17.     On February 5, 2019, without notice to Mr. Eddings, the City Planning Commission quickly moved to amend the City Land Use Development Code to prohibit the construction of manufactured dwelling parks in areas zoned RRUC, like the Property. Although Mr. Eddings applied for his conditional use permit on February 12, 2019, the City knew he intended to apply before that date because he met with the City Engineer and Planner on January 2, 2019. The proposed amendment required a 35-day notice period, and, on March 11, 2019 the City Council passed the amendment without notice to Mr. Eddings. The City amended the Development Code so quickly because "the process of updating and reaching a final approved Land Use Development Code will take several more months, [and] the possibility exists that manufactured home parks could be approved under the current code prior to adoption of the new code."

COMPLAINT – 5

Olsen Barton LLC
5 Centerpointe Drive, Suite 220
Lake Oswego, OR 97035
Tel: 503-468-5573 | Fax: 503-820-2933

18.     Mr. Eddings, however, had submitted his permit application before the City Council ultimately amended the Development Code on March 11, 2019, and, therefore, was "vested" into the previous Development Code.

19.     On April 22, 2019, the City Planning Commission held a public hearing on Mr. Eddings' requested permit.

20.     On May 22, 2019, the City Planning Commission issued Mr. Eddings a conditional use permit, with certain conditions attached to the permit.

21.     A group of citizens opposed to the Project appealed to the City Council the Planning Commission's issuance of the conditional use permit. Separately, Mr. Eddings appealed certain conditions the Planning Commission placed upon the permit.

22.     On June 10, 2019, in connection with the appeal of the conditions imposed by the Planning Commission, the City charged Mr. Eddings $37,745.68 for legal and administrative fees incurred by the City evaluating Mr. Eddings' permit, including approximately $31,887.50 in attorney fees from two consulting attorneys.

23.     On July 1, 2019, the City Council conducted a *de novo* hearing on the appeals.

24.     On July 2, 2019, the City Council approved the conditional use permit, but imposed onerous and unusual conditions on the permit. The City Council:

    a.    Required Mr. Eddings to supply a site plan review, which is typically only supplied by commercial or industrial developments;

    b.    Proposed that Mr. Eddings widen the road within the development to 30 feet which, including sidewalks and planters' strips, created a 50-foot-wide thoroughfare, far in excess of statutory requirements;

    c.    Imposed a one-year deadline to begin construction;

    d.    Required a detailed irrigation plan;

    e.    Required a detailed landscaping plan;

    f.    Required a site-specific drainage plan;

    g.    Required a hydrology study; and

COMPLAINT – 6

h.      Required a study examining the suitability of the site related to the presence of rodent or vermin breeding places.

25.     The City Council first proposed the condition requiring a vermin study on the night of the hearing, without granting Mr. Eddings the opportunity to prepare a statement against its inclusion.

26.     Regarding the street width requirement, the City Council stated that fire department vehicles would likely not be able to navigate 20-foot-wide street due to the risk of illegal parking, and the "skinny streets" were unsafe.

27.     After Mr. Eddings discussed the issue with the Albany Fire Department, it considered its safety concerns regarding the 20-foot-wide street resolved because Mr. Eddings designated two off-street parking spaces per unit, added NO PARKING restrictions on the access road, and added towing capabilities into the park's covenants.

28.     The City Council did not withdraw its street width requirement despite Mr. Eddings' resolution of its safety concerns.

29.     Approximately one year before conditionally approving Mr. Eddings' permit, on March 20, 2018, the City conditionally approved plans for two large single-family home subdivisions not limited to residents 55 and older: the Westwood Estates Subdivision and the Millersburg Subdivision (collectively the "Subdivisions").

30.     The Westwood Estates Subdivision proposed subdividing 11.49 acres into 35 residential single-family lots, and the Millersburg Subdivision proposed subdividing 39.07 acres into 78 residential lots.

31.     The proposed Millersburg Subdivision and the Property are located on the same street, approximately 500 yards away from each other.

COMPLAINT – 7

Olsen Barton LLC
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

32.    Both Subdivisions feature wetland and riparian areas, yet the City did not require the developers to complete hydrology or vermin studies, in contrast to Mr. Eddings' Project.

33.    Additionally, unlike the requirements imposed upon Mr. Eddings, the City did not require either developer to submit a site plan review, impose a one-year deadline to begin construction on the Subdivisions, or charge legal fees to the developers for evaluation of their permit applications.

34.    Furthermore, the City waived the requirement that the Subdivision developers dedicate a certain amount of land for parks, and instead imposed the "more appropriate" "in-lieu" fees.

35.    Despite the onerous and unusual conditions placed upon his conditional use permit, Mr. Eddings intended to move forward with developing the Project.

36.    On August 13, 2019, the City Council, however, passed a resolution authorizing it to initiate an eminent domain proceeding to take the entire Property, less than six weeks after approving Mr. Eddings' permit and despite the one-year deadline to begin construction attached to the permit.

37.    One of the City Council's stated reasons for taking the Property is for a "park and open space," but the City already manages 72.4 acres of city parks and open spaces, for a population of approximately 2,500 residents.

38.    According to the National Recreation and Park Association, the average park and recreation agency, city or otherwise, in the United States controls 9.5 acres of park land per 1,000 residents.

39.    The City already controls approximately three times the acreage of park land and open space per resident than the national average.

COMPLAINT – 8

40.    The condemnation resolution also stated that there is a public need for a park and open space in the northern area of the City, yet two City parks are located less than 1.5 miles from the Property: Acorn Park, located approximately 1.3 miles from the Property, and Millersburg City Park, located approximately 1.5 miles from the Property.

41.    The City adopted a Park System Master Plan (the "Plan") in October 2019. The Plan lists various "acquisition tools and methods" for obtaining park land: market value purchase, partial value purchase, life estates and bequests, option to purchase agreements, right of first refusal, donations, conservation easements, and various incentive measures for landowners to donate. Notably, using the power of eminent domain to obtain park land is not suggested.

42.    The Plan also lists various "site-specific concerns" that should be addressed before obtaining a potential park site, including: a boundary survey and title review, identification of environmental constraints, an environmental site assessment for hazardous substances, an archeological assessment, and determining whether underground tanks, wells, septic systems, or existing structures should be removed. The Plan states that "[p]rior to purchasing or accepting ownership of a property, the City should conduct an environmental site assessment," beginning with a "Phase I Environmental Site Assessment (ESA) per ASTM E1527-13," and if necessary, a Phase II assessment.

43.    The City, in the least, failed to conduct a Phase I Environmental Site Assessment of the Property before passing the condemnation resolution, nor did it conduct an archeological assessment.

COMPLAINT – 9

44.     The City Council's August 13, 2019 condemnation resolution also stated that "many issues arose as to the suitability" of the Property as a manufactured dwelling park during the public hearings, and the City could resolve those issues by condemning the Property.

45.     The City has not yet filed a formal condemnation action in circuit court, and apparently, through hanging the cloud of condemnation over the Property, is attempting to prevent Mr. Eddings from taking the steps necessary to construct his approved Project during the one-year construction deadline.

## FIRST CLAIM FOR RELIEF

(Equal Protection Violation Under 42 U.S.C. § 1983)

46.     Mr. Eddings realleges paragraphs 1–45.

47.     The Defendants demonstrated animus against Mr. Eddings' desire to construct a manufactured dwelling park by changing the Land Use Development Code to prevent manufactured dwelling parks being built in rural residential zones, by placing onerous conditions on his development permit that it did not impose on other similarly situated developers, and attempting to charge Mr. Eddings $37,745.68 for the attorney fees and administrative costs generated by the City in evaluating his permit, which it did not charge other similarly situated developers.

48.     Then, after Mr. Eddings complied with the permitting process, obtained his permit, and began the final stages of planning the manufactured dwelling park, and with construction imminent, the City Council passed a condemnation resolution in an effort to prevent him from exercising his rights under the permit.

COMPLAINT – 10

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

49.    The City did not require similarly situated developers to donate park land as a condition of obtaining their permits, nor did it seize their land for parks through the power of eminent domain.

50.    In passing the condemnation resolution, the City Council specifically stated that it was exercising its condemnation powers to resolve "issues" as to the "suitability" of Mr. Eddings' manufactured dwelling park, issues which were espoused by residents opposed to the park.

51.    The Defendants irrationally and arbitrarily singled Mr. Eddings out and treated him differently than other, similarly situated developers, and the Defendants were motivated by an improper purpose in passing the condemnation resolution: to prevent Mr. Eddings from constructing a manufactured dwelling park.

52.    The Defendants claimed that they also passed the condemnation resolution to acquire the Property for the creation of a park or open space, yet that reasoning was clearly a pretext.

53.    The Defendants' actions were performed under color of law, and violated clearly established constitutional rights and norms.

54.    Mr. Eddings requests declaratory relief, declaring the Defendants' actions unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and preliminary and permanent injunctive relief, enjoining the Defendants from taking the Property using the power of eminent domain or otherwise interfering with Mr. Eddings' conditional use permit, and extending the time period for which he is required to commence construction under the permit by an amount of time equal to the amount of time between the date of the condemnation resolution to the date of judgment on this claim.

COMPLAINT – 11

55.    Additionally, and as a direct and natural result of the Defendants' deprivation of Mr. Eddings' constitutionally protected rights, Mr. Eddings has been damaged in an exact amount to be proven at trial, but in an amount that is at least equal to the difference in the fair market value of the Property in an undeveloped, unpermitted state, on the one hand, and as fully developed consistent with a conditional use permit not subject to constitutionally impermissible conditions, on the other, which difference, net of development costs, is currently estimated to be approximately $1,334,200.

56.    The actions of the individual City Council Defendants constitute a reckless or callous disregard of Mr. Eddings' constitutionally protected rights sufficient to warrant an award of punitive damages in favor of Mr. Eddings.

57.    Mr. Eddings is entitled to an award for his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(Substantive Due Process Claim Under 42 U.S.C. § 1983)

58.    Mr. Eddings realleges paragraphs 1–45.

59.    Mr. Eddings possessed a protected property interest based on the City's issuance of a conditional use permit on July 2, 2019.

60.    By passing the pretextual condemnation resolution, purportedly for parks and open spaces but, in actuality, to prevent Mr. Eddings from constructing a manufactured dwelling park, the Defendants deprived Mr. Eddings of a property interest subject to constitutional protection.

61.    The Defendants also imposed conditions and burdens on Mr. Eddings' permit that it did not impose on similarly situated developers.

COMPLAINT – 12

62.    The Defendants' actions were arbitrary and capricious because they passed the condemnation resolution to prevent Mr. Eddings from constructing a manufactured dwelling park, an action not rationally related to a legitimate government purpose, and one that constituted an abuse of power lacking reasonable justification.

63.    The Defendants' actions described herein were performed under color of law, and violated clearly established constitutional rights and norms.

64.    Mr. Eddings requests declaratory relief, declaring the Defendants' actions unconstitutional under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and temporary and permanent injunctive relief, enjoining the Defendants from taking the Property using the power of eminent domain or otherwise interfering with Mr. Eddings' conditional use permit, and extending the time period for which he is required to commence construction under the permit by an amount of time equal to the amount of time between the date of the condemnation resolution to the date of judgment on this claim.

65.    Additionally, and as a direct and natural result of the Defendants' deprivation of Mr. Eddings' constitutionally protected property rights, Mr. Eddings has been damaged in an exact amount to be proven at trial, but in an amount that is at least equal to the difference in the fair market value of the Property in an undeveloped, unpermitted state, on the one hand, and as fully developed consistent with a conditional use permit not subject to constitutionally impermissible conditions, on the other, which difference, net of development costs, is currently estimated to be approximately $1,334,200.

66.    The actions of the individual City Council Defendants constitute a reckless or callous disregard of Mr. Eddings' constitutionally protected rights sufficient to warrant an award of punitive damages in favor of Mr. Eddings.

COMPLAINT – 13

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

67.     Mr. Eddings is entitled to an award for his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

(Fifth Amendment Takings Claim Under 42 U.S.C. § 1983)

68.     Mr. Eddings realleges paragraphs 1–45.

69.     Mr. Eddings possessed a protected property interest based on the City's issuance of a conditional use permit on July 2, 2019.

70.     The City's August 13, 2019 condemnation resolution constituted a per se taking of Mr. Eddings' conditional use permit without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

71.     The Defendants' actions described herein were performed under color of law, and violated clearly established constitutional rights and norms.

72.     As a direct and natural result of the Defendants' deprivation of Mr. Eddings' constitutionally protected property rights, Mr. Eddings has been damaged in an exact amount to be proven at trial, but in an amount that is at least equal to the difference in the fair market value of the Property in an undeveloped, unpermitted state, on the one hand, and as fully developed consistent with the conditional use permit, on the other, which difference, net of development costs, is currently estimated to be approximately $1,080,000.

73.     The actions of the individual Defendants constitute a reckless or callous disregard of Mr. Eddings' constitutionally protected rights sufficient to warrant an award of punitive damages in favor of Mr. Eddings.

74.     Mr. Eddings is entitled to an award for his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

COMPLAINT – 14

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

## FOURTH CLAIM FOR RELIEF

(Claim for Declaratory and Injunctive Relief Under 28 U.S.C. § 2201)

75.     Mr. Eddings realleges paragraphs 1–45.

76.     As described herein, if left unremedied, Mr. Eddings will suffer a significant and irreparable deprivation of his constitutional property rights as a result of the Defendants' actions.

77.     There is an actual controversy and disagreement between the Defendants and Mr. Eddings regarding whether the Defendants' actions, culminating in the passage of the condemnation resolution, violated the Equal Protection, Due Process, and Takings Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

78.     Mr. Eddings lacks an adequate remedy at law to resolve the Defendants' actions.

79.     To remedy this irreparable harm, Mr. Eddings requests that the Court (1) declare the Defendants' actions unconstitutional under the Equal Protection, Due Process and/or Takings Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; and (2) issue a preliminary and permanent injunction enjoining the Defendants from taking the Property using the power of eminent domain or otherwise interfering with Mr. Eddings' conditional use permit, and extending the time period for which he is required to commence construction under the permit, by an amount of time equal to the amount of time between the date of the condemnation resolution to the date of judgment on this claim.

80.     Mr. Eddings is entitled to an award for his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

COMPLAINT – 15

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

## PRAYER FOR RELIEF

WHEREFORE, Mr. Eddings prays for a judgment as follows:

1.        On Mr. Eddings' First Claim for Relief (Equal Protection), for: (a) an award of compensatory damages in an exact amount to be proven at trial, but in an amount that is at least equal to the difference in the fair market value of the Property in an undeveloped, unpermitted state, on the one hand, and as fully developed consistent with a conditional use permit not subject to constitutionally impermissible conditions, on the other, which difference, net of development costs, is currently estimated to be approximately $1,334,200; (b) an award of punitive damages against Jim Lepin, Scott Cowen, Dave Harms, Scott McPhee, and Don Miller, in their individual and official capacities; and (c) declaratory and injunctive relief, declaring the Defendants' actions unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and temporary and permanent injunctive relief, enjoining the Defendants from taking the Property using the power of eminent domain or otherwise interfering with Mr. Eddings' conditional use permit, and extending the time period for which he is required to commence construction under the permit by an amount of time equal to the amount of time between the date of the condemnation resolution to the date of judgment on this claim;

2.        On Mr. Eddings' Second Claim for Relief (Substantive Due Process), for: (a) an award of compensatory damages in an exact amount to be proven at trial, but in an amount that is at least equal to the difference in the fair market value of the Property in an undeveloped, unpermitted state, on the one hand, and as fully developed consistent with a conditional use permit not subject to constitutionally impermissible conditions, on the other, which difference, net of development costs, is currently estimated to be approximately $1,334,200; (b) an award of punitive damages against Jim Lepin, Scott Cowen, Dave Harms, Scott McPhee, and Don Miller,

COMPLAINT – 16

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

in their individual and official capacities; and (c) declaratory and injunctive relief, declaring the

Defendants' actions unconstitutional under the Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution, and temporary and permanent injunctive relief,

enjoining the Defendants from taking the Property using the power of eminent domain or

otherwise interfering with Mr. Eddings' conditional use permit, and extending the time period

for which he is required to commence construction under the permit, by an amount of time equal

to the amount of time between the date of the condemnation resolution to the date of judgment

on this claim;

3.      On Mr. Eddings' Third Claim for Relief (Takings), for: (a) an award of just

compensation in an exact amount to be proven at trial, but in an amount that is at least equal to

the difference in the fair market value of the Property in an undeveloped, unpermitted state, on

the one hand, and as fully developed consistent with a conditional use permit, on the other,

which difference, net of development costs, is currently estimated to be approximately

$1,080,000; and (b) an award of punitive damages against Jim Lepin, Scott Cowen, Dave Harms,

Scott McPhee, and Don Miller, in their individual and official capacities;

4.      On Mr. Eddings' Fourth Claim for Relief (Declaratory and Injunctive Relief), for

a declaration that the Defendants' actions violate the Equal Protection, Due Process, and/or

Takings Clauses of the United States Constitution, and a preliminary and permanent injunction,

enjoining the Defendants from taking the Property, or otherwise proceeding under the

condemnation resolution, as well as enjoining the Defendants from interfering with Mr. Eddings'

conditional use permit, and extending the time period for which he is required to commence

construction under the permit by an amount of time equal to the amount of time between the date

of the condemnation resolution to the date of judgment on this claim;

COMPLAINT – 17

Olsen Barton LLC
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

5.    On all Mr. Eddings' claims, for an award of reasonable attorney fees, expenses,

costs, and disbursements under 42 U.S.C. 1988;

6.    For an award of pre-judgment and post-judgment interest at the legal rate; and

7.    For all such other legal and equitable relief as is appropriate.


Dated:  June 18, 2020

OLSEN BARTON LLC

Neil N. Olsen, OSB No. 053378
*Attorney for Plaintiff*

COMPLAINT – 18